# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARIE E. KAIL, | ) | CASE NO. 4:16-cv-1878 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge George J. Limbert (Doc. No. 16) with respect to plaintiff's request for judicial review of defendant's denial of her application for Supplemental Security Income ("SSI"). The R&R concludes that the Commissioner's decision is supported by substantial evidence and recommends affirmance and dismissal with prejudice. Plaintiff filed an objection to the R&R (Doc. No. 17 ["Obj."]) and defendant filed a response to the objection (Doc. No. 18 ["Response"]), standing on the merits of its original brief. Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's single objection, accepts the R&R, and dismisses the case.

## I. STANDARD OF REVIEW

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires *de novo* review as to those portions of the document to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of an administrative decision under the Social Security Act is limited to a determination of whether the administrative law judge ("ALJ") applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.,* 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle,* 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (additional citation omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D.

Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## II. DISCUSSION

In his July 10, 2015 ruling, the ALJ found that plaintiff had certain severe impairments, but that these did not meet or equal any listed impairment, and that plaintiff retained the residual functional capacity ("RFC") to perform light work with certain specific limitations. The ALJ concluded that plaintiff could perform a significant number of jobs existing in the national economy and was, therefore, not disabled. (Doc. No. 11, Transcript ["Tr."] at 73-87.[1])

In evaluating SSI applications, an ALJ employs a sequential, five-step process. (R&R at 748-49, quoting *Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).) Only Step 3 is at issue here. In Step 3:

> [I]f an individual is not working and is suffering from a severe impairment which meets the duration requirement, *see* 20 C.F.R. §§ 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992))[.]

*Hogg*, 987 F.2d at 332. At this step of the analysis, the burden of going forward with evidence is on the claimant. (*Id.* at 749, citing *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

3

The sole issue raised by plaintiff's challenge to the ALJ's decision is whether she met her burden of proving that her impairments meet or equal Listing 12.05C, which, at the time of the ALJ's decision, stated, in relevant part:

> 12.05 Intellectual disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period: i.e., the evidence demonstrates or supports onset of the impairments before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R. Pt. 404, Subpt. P. App. 1 (Listing of Impairments).

The R&R correctly "notes that the ALJ failed to identify Listing 12.05C in his Step Three analysis[.]" (R&R at 751, citing Tr. at 79-81.) But the R&R further correctly notes that the Sixth Circuit has held that the ALJ's failure to explain his findings at Step 3 can constitute harmless error where factual findings elsewhere in the ALJ's decision sufficiently support the determination that the claimant's impairments do not meet or equal a listing. (*Id.* at 752, citing *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 455 (6th Cir. 2016), further citing *Forrest v. Comm'r of Soc. Sec.*, 594 F. App'x 359 (6th Cir. 2014).)

In great detail, and with reference to the record, the R&R points to "factual findings elsewhere in the ALJ's decision" that would support a determination that Listing 12.05C was not met or equaled with respect to either plaintiff's mental capacities or her physical capacities. (R&R at 753-57.) Despite this detailed analysis, plaintiff asserts that she "specifically objects to the Magistrate Judge's conclusion that [she] failed to meet her burden of establishing that her

impairments met or equaled the latter part of Listing 12.05C, that she have a physical or other mental impairment that caused additional and significant work-related limitations." (Obj. at 779-80.)

Plaintiff's objection neither challenges the case law relied upon by the R&R, in particular *Crum* or *Forrest*, nor argues that the R&R's recitation of the record is incorrect. Rather, she challenges the conclusion of both the R&R and the ALJ – arguing that "an ALJ's finding [at Step 2] of other 'severe' impairments resulting in a reduction in a claimant's residual functional capacity suffice [sic] to meet the 'additional and significant' element of Listing 12.05C." (Obj. at 781, citing *Riley v. Apfel*, 162 F.3d 1162 (Table), 1998 WL 553151 (6th Cir. 1998).) But *Riley* offers little assistance to plaintiff and, in fact, actually supports the R&R's conclusion.

In *Riley*, the ALJ had found that the claimant "did not have an impairment imposing additional and significant work-related limitations." *Riley*, 1998 WL 553151 at *4. The court of appeals concluded that this finding was inconsistent with the ALJ's subsequent conclusion that Riley had an RFC for only sedentary work. *Id.* Plaintiff here seems to be asserting that the ALJ's finding at Step 2 that she had "severe" impairments of degenerative disc disease of the lumbar spine, hypertension, obesity, restless leg syndrome, bilateral sensorineural hearing loss, depression, and borderline intellectual functioning, is by definition sufficient, under *Riley*, to establish the "additional and significant" element of Listing 12.05C. This is stretching *Riley* well beyond its limits. In *Riley*, there was inconsistency because the RFC was for sedentary work, which suggests more severe physical limitations. Here, plaintiff was found to have an RFC for light work, which, on this record, does not suggest the inconsistency present in *Riley*.

More importantly, *Riley* is supportive of the ALJ's decision here in another way. In *Riley*, because the claimant did not have a low enough IQ score to meet Listing 12.05C, the court

5

concluded that any error in the analysis of impairments imposing additional and significant work limitations was harmless. Plaintiff seems to be asserting here that, because her full scale IQ is arguably low enough to fit within Listing 12.05C (*i.e.*, between 60 through 70), under *Riley*, the ALJ's failure to discuss the listing was not harmless error. (*See* Obj. at 781.) But plaintiff cannot rely on IQ scores from decades earlier, when she was in kindergarten (IQ of 69), 10 years old (IQ of 74) and 15 years old (IQ of 63). *See Crum*, 660 F. App'x at 455 (IQ scores obtained between ages 7 and 16 are valid for only two years when the score is above 40) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 112.00(D)(10)). Plaintiff's adult full scale IQ as of June 2010 was 78. Under the then-current regulation, it would be viewed as a valid indication of plaintiff's status at that time.

Plaintiff has failed to meet her burden of establishing an error in the R&R's evaluation of the ALJ's final determination to deny plaintiff's SSI application.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objection to the R&R is overruled. The R&R is accepted. Because the Commissioner's decision to deny Supplemental Security Income is supported by substantial evidence, the decision is affirmed and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: August 4, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**